# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| George Pruden and Sylvia Robertson, on behalf of themselves and all other similarly situated employees, and on behalf of the Ohio Rule 23 Class, | Court File No.: |
| | **7 : 1 4 C V 8 5 6** |
| Plaintiffs, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | **(JURY TRIAL DEMANDED)** |
| Promontory Financial Group, LLC, | **I. DLOTT** |
| Defendant. | |

Plaintiffs bring this action (a) as an opt-in collective action on behalf of themselves and all similarly situated individuals for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and (b) as an opt-out Rule 23 class action on behalf of all similarly situated individuals in the State of Ohio for violations of the Ohio Minimum Fair Wage Standards Act.

## PRELIMINARY STATEMENT

1.    This case is about Defendant Promontory Financial Group, LLC's ("Promontory" or "Defendant") systematic failure to pay proper overtime wages to individuals that were part of a team that reviewed mortgage loan files. The file review was mandated by a consent decree between the Office of the Comptroller of the Currency ("OCC") and fourteen large banks, stemming from an investigation into the banks' improper and abusive foreclosure practices. Plaintiffs, those workers responsible for conducting loan file reviews, and those similarly situated, customarily and regularly worked for Defendant in excess of forty (40) hours per week. During this time, Defendant willfully and maliciously misclassified Plaintiffs as "independent contractors," attempting to evade the FLSA and Ohio Minimum Fair Wage Standards Act compensation requirements, resulting in a failure to compensate Plaintiffs and those similarly

situated at the requisite overtime rate for all overtime hours worked.

2.      Defendant has willfully committed widespread violations of the FLSA and Ohio Minimum Fair Wage Standards Act, by engaging in a pattern, practice, and policy of misclassifying Plaintiffs and those similarly situated as independent contractors, in effect, denying them access to all of the overtime pay to which they are rightfully entitled as employees.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction under 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4.      This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiffs' and the similarly situated individuals' state law claims brought under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 *et seq.*, as Plaintiffs' state and federal claims derive from a common nucleus of operative fact.

5.      Venue in this district is proper under 28 U.S.C. § 1391 because Defendant operated in and around Miamisburg, Ohio, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

### Plaintiffs

6.      Plaintiff George Pruden is an adult resident of the state of California. Plaintiff Pruden worked for Defendant as a mortgage loan file reviewer at its office in Miamisburg, Ohio from October, 2011 to January 2013.

7.      Plaintiff Sylvia Robertson is an adult resident of the State of Maryland. Plaintiff Robertson worked for Defendant as a mortgage loan file reviewer at its office in Miamisburg, Ohio from approximately August 15, 2011, until September 25, 2012.

8.    Plaintiffs bring this action collectively and on behalf of all similarly situated individuals (the "FLSA Collective"), pursuant to the FLSA, 29 U.S.C. § 216(b).

9.    Plaintiffs also bring this action collectively and as representatives of all similarly situated individuals who worked in the State of Ohio (the "Ohio Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 *et seq.*

10.   Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class are current or former employees of Defendant, within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and Ohio Rev. Code Ann. § 4111.03(D)(3).

11.   Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class were employed by Defendant as mortgage loan file reviewers, or other similar job titles, at Defendant's Miamisburg, Ohio location, and upon information and belief, other locations throughout the United States, within three years prior to the filing of this lawsuit. See 29 U.S.C. § 255(a) and Ohio Rev. Code Ann. 2305.11(A).

**Defendant**

12.   Defendant Promontory Financial Group, LLC is a Delaware corporation with its principal place of business in Washington D.C. According to its website, Promontory is a leading strategy, risk management and regulatory compliance consulting firm focusing primarily on the financial services industry. *See* http://www.promontory.com/Firm/Overview/. It provides these services worldwide in several industries, including banking, securities, commodities, financial instruments, markets, and insurance. *Id.*

13.   Defendant operates in interstate commerce by, among other things, providing the aforementioned services in multiple states, including Ohio. Defendant's gross annual sales made

3

or business done have been $500,000.00 or greater.

14.    Defendant is Plaintiffs' and the FLSA Collective's "employer," within the meaning of the FLSA, 29 U.S.C. § 203(d).

15.    Defendant is Plaintiffs' and the Ohio Rule 23 Class's "employer," within the meaning of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03 (D)(2).

### FACTUAL ALLEGATIONS

16.    The Office of the Comptroller of the Currency's ("OCC") in 2011 brought an enforcement action against numerous large banks focusing on the banks' unsafe and unsound practices related to residential mortgage loan servicing and foreclosure processing. See OCC Takes Enforcement Action Against Eight Servicers for Unsafe and Unsound Foreclosure Practices, April 13, 2011, *available at* http://www.occ.gov/news-issuances/news-releases/2011/nr-occ-2011-47.html.

17.    As part of a consent decree between the government and fourteen large banks, the banks were required to retain loan file reviewers. These reviewers were to examine the banks' foreclosure actions and determine, on a case-by-case basis, whether the banks complied with state and federal regulations governing the rights of borrowers in foreclosure.

18.    PNC Bank retained Defendant Promontory Financial to perform the mandated loan file review.

19.    Defendant hired some employees directly to perform the loan file review. Those employees are not parties or putative class members in this case. In other instances, however, Defendant subcontracted with The Hilltop Companies, LLC ("Hilltop") to retain workers to perform the loan file review. Plaintiffs Pruden and Roberson, and the similarly situated class members, were retained by Hilltop to perform the loan file review.

4

20.     Unlike the employees hired directly by Promontory, the workers retained by Hilltop were misclassified by both Hilltop and Promontory as independent contractors.

21.     Defendant and Hilltop operated as Plaintiffs' joint employer.

22.     Defendant and Hilltop employed Plaintiffs, and those similarly situated, to review mortgage loan files for PNC Bank, and other banks, as a part of the OCC's investigation into whether foreclosures complied with federal and state laws, whether foreclosures occurred when grounds for foreclosure were not present, and whether any errors, misrepresentations or other deficiencies resulted in financial injury to borrowers.

23.     As a result of Defendant's and Hilltop's common policy and scheme to purposefully classify Plaintiffs and those similarly situated as independent contractors, and to attempt to avoid the FLSA's employee protections, Defendant did not pay Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class overtime pay at one and one-half times the regular rate of pay as required by the FLSA and the Ohio Minimum Fair Wage Standards Act.

24.     Defendant and Hilltop routinely required Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class to work long hours in excess of forty (40) hours per week to complete all their job responsibilities.

25.     Defendant, though Hilltop, paid Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class their regular hourly rates (i.e., "straight time") for their overtime hours, rather than the legally-required one and one-half times their regular rates.

26.     Defendant willfully operated under a common scheme to deprive employees on the loan file review project of proper overtime compensation by misclassifying them as independent contractors. Furthermore, Plaintiffs and the similarly situated individuals were subject to the direction and control of Defendant with regard to the manner and means of their

5

employment, and job performance. For example:

a) Plaintiffs and the similarly situated individuals worked for Defendant and Hilltop on a full-time and continuing basis; Plaintiffs and the similarly situated did not sell or advertise their services to the general public, or work as contractors for anyone other than Defendant and Hilltop during the time period Plaintiffs worked for Hilltop and Defendant;

b) Plaintiffs and the similarly situated individuals had no control over the manner and method by which they were paid;

c) Defendant and Hilltop jointly retained the right to discharge Plaintiffs and those similarly situated individuals without cause;

d) Defendant and Hilltop jointly controlled Plaintiffs' and the similarly situated individuals' work hours. Specifically, Defendant identified set hours Plaintiffs and the similarly situated individuals were required to work each day. Defendant established a policy which required Plaintiffs and the similarly situated individuals to be at their desks at Defendant's work facility at a specified time at the start of each work day;

e) Defendant determined if and when Plaintiffs and those similarly situated were allowed to take rest breaks and meal breaks. Often times Plaintiffs and the similarly situated were not allowed to take lunch breaks; rather, Defendant required them to eat at their desks while continuing to work;

f) Defendant, though Hilltop, required Plaintiffs to record all of their work hours on a weekly timesheet, which was reviewed and approved by Defendant;

g) In the event Plaintiffs and the similarly situated needed time off, Defendant

required Plaintiffs and the similarly situated individuals to submit time off requests in advance, which were then approved or denied by Defendant;

h) Defendant provided training to Plaintiffs and the similarly situated individuals. During training, Defendant provided instruction to Plaintiffs and the similarly situated individuals pertaining to the specific procedures and guidelines that Defendant required them to follow during the loan file review process (the training was conducted at Defendant's office, and Plaintiffs and the similarly situated employees were required to complete it);

i) The loan file review process performed by Plaintiffs did not involve discretion and independent judgment, but was integral to Defendant's business.

j) Plaintiffs and the similarly situated individuals were not required to make substantial investment in facilities and equipment. Rather, Plaintiffs and the similarly situated individuals simply showed up to work at the assigned time and reviewed files.

k) Plaintiffs and the similarly situated individuals had no opportunity for profit and no risk of loss. They were compensated at a straight hourly rate for all hours worked.

27. Defendant was or should have been aware that Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class performed work that required proper payment of overtime compensation. Defendant was or should have been aware that Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class were employees misclassified as independent contractors.

28. Defendant was aware that Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class worked overtime hours for which they were not properly paid because Defendant dictated

7

the number of hours they could work each week, and often required them to work overtime.

29.     Defendant knew that Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class worked overtime hours because Defendant required them to record and submit accurate records of all of their work hours.

30.     Defendant's conduct as alleged in this Complaint was willful and in bad faith.

## CASE HISTORY

31.     This case finds its roots in *Huffman v. Hilltop Companies, LLC*, 1:13-CV-219 (S.D. Ohio) (Speigel, J.). In that case, a group of workers sued Hilltop for misclassifying them as independent contractors under the FLSA based on the same allegations made in this case. Thirty-three plaintiffs ultimately joined the *Huffman* action, including Plaintiffs Pruden and Robertson.

32.     Hilltop filed a motion to dismiss and compel arbitration. The district court denied Hilltop's motion, concluding that plaintiffs had not agreed to arbitrate the wage claims at issue in the case. The Sixth Circuit reversed, and ordered the case to individual arbitration. *See Huffman v. Hilltop Companies, LLC*, 747 F.3d 391 (6th Cir. 2014).

33.     Following the Sixth Circuit's decision, Plaintiffs and other similarly-situated employees filed individual demands for arbitration with the American Arbitration Association, naming Hilltop and its owner as Respondents. During the course of discovery, Plaintiffs learned that Hilltop and Defendant Promontory exercised a great deal of joint control over Plaintiffs and similarly-situated employees.

34.     For example, Plaintiffs learned that Hilltop and Defendant Promontory both had the power to discipline and terminate employees.

35.     As a second example, evidence revealed in discovery showed that both Hilltop and Defendant Promontory set Plaintiffs' work schedules and established Plaintiffs' dress code.

36.     In light of this evidence, Plaintiffs wished to assert claims against Promontory as

8

a joint employer.

37.    Unlike Hilltop, however, Defendant Promontory has no contractual relationship with Plaintiffs or other similarly situated workers retained by Hilltop. Under Sixth Circuit precedent, "arbitration is premised on a contract, and [i]t goes without saying that a contract cannot bind a nonparty." *W.J. O'Neil Co. v. Shepley, Bulfinch, Richardson & Abbott, Inc.*, 765 F.3d 625, 631 (6th Cir. 2014).

38.    As a consequence, Plaintiffs have no obligation to arbitrate their claims with Defendant, and Defendant has no obligation to arbitrate with Plaintiffs or similarly situated workers. In order to assert their rights against Promontory, Plaintiffs bring their claims here.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39.    Plaintiffs, and the FLSA Collective, incorporate by reference the facts and allegations in the preceding paragraphs.

40.    Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs and the FLSA Collective, file this action as a collective action on behalf of themselves and all similarly situated individuals, the "FLSA Collective." The proposed FLSA Collective class is defined as follows:

> All individuals retained by Hilltop, employed as loan file reviewers, accountants, or similar job titles, paid an hourly rate and "straight time" for overtime hours, who work or worked for Defendant at any time from October 2011 through the entry of judgment.

41.    Plaintiffs have consented in writing to be part of this action, pursuant to the FLSA, 29 U.S.C. § 216(b). (See Ex. A.) As the case proceeds, it is likely that other individuals will sign consent forms and join this case.

42.    Defendant is liable under the FLSA for misclassifying Plaintiffs and the FLSA Collective as independent contractors, and failing to properly compensate Plaintiffs and the FLSA Collective. Accordingly, notice should be sent to the proposed collective class. There are

9

numerous individuals similarly situated to Plaintiffs who have also suffered damages due to Defendant's failure to properly pay overtime wages. These individuals would benefit from court-supervised notice of this lawsuit and the opportunity to join. These similarly situated individuals are known to Defendant and are readily identifiable through Defendant's records.

## OHIO CLASS ACTION ALLEGATIONS

43.     Plaintiffs incorporate by reference the facts and allegations in the preceding paragraphs.

44.     Pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure, Plaintiffs file this action collectively and as a class action on behalf of all similarly situated individuals within the State of Ohio, the "Ohio Rule 23 Class." Plaintiffs seek to represent the Ohio Rule 23 Class, which is defined as follows:

> All individuals retained by Hilltop, employed as loan file reviewers, accountants, or similar job titles, paid an hourly rate and "straight time" for overtime hours, who work or worked for Defendant in Ohio at any time from October 2011 through the entry of judgment.

45.     The members of the proposed Ohio Rule 23 Class are so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met. Plaintiffs do not know the exact number of class members, but they are informed and believe that at least one hundred (100) class members exist. The identities of the Ohio Rule 23 Class members may be ascertained from Defendant's files and records.

46.     There are common questions of law and fact affecting the class members, including but not limited to whether Defendant unlawfully failed to pay overtime compensation, the proper measure of damages sustained by the class members, and whether Defendant should be enjoined from such violations in the future. The requirements of Rule 23(a)(2) are met.

47.     Plaintiffs' claims are typical of the claims of the Ohio Rule 23 Class as a whole.

10

Plaintiffs and the Ohio Rule 23 Class have suffered harm due to Defendant's failure to pay them overtime compensation for the hours they worked in excess of forty (40) hours per workweek. The requirements of Rule 23(a)(3) are met.

48.    Plaintiffs will fairly and adequately protect the interests of the Ohio Rule 23 Class, pursuant to Rule 23(a)(4). Plaintiffs' interests are not inconsistent with and not antagonistic to the interests of the class. Plaintiffs have retained counsel experienced in complex wage and hour class and collective action litigation.

49.    Prosecuting separate actions by individual members of the proposed Ohio Rule 23 Class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the party opposing the class and would substantially impair or impede the interest of other members of the class to protect their interests. Certification under Rule 23(b)(1) is appropriate.

50.    Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief or declaratory relief appropriate with respect to the class as a whole. Certification under Rule 23(b)(2) is appropriate.

51.    This class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. The members of the proposed Ohio Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common practices and uniform policies. The damages suffered by the Ohio Rule 23 Class members are small compared to the expense and burden of individually prosecuting this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation

that might result in inconsistent judgments about Defendant's practices. Certification under Rule 23(b)(3) is appropriate.

52.     Plaintiffs intend to send notice to all members of the proposed Ohio Rule 23 Class to the extent required by Rule 23.

## CAUSES OF ACTION

### COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW
#### The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.
##### *On Behalf of Plaintiffs and the FLSA Collective*

53.     Plaintiffs incorporate by reference the facts and allegations in the preceding paragraphs.

54.     The FLSA requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty per workweek. 29 U.S.C. § 207.

55.     To be exempt from the FLSA's overtime requirements, an employee typically must be paid on a salary or fee basis. *See* 29 C.F.R. §§ 541.100(a)(1) (executive exemption), 541.200(a)(1) (administrative exemption), 541.300(a)(1) (professional exemption), 541.601(b)(1) (highly compensated exemption).

56.     An employee is considered to be paid on a "salary basis" if the employee regularly receives each pay period on a weekly basis a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. 29 C.F.R. § 541.602(a). Defendant bears the burden of proving that an exemption applies.

57.     Defendant misclassified Plaintiffs and the FLSA Collective as independent contractors, and therefore, as exempt from the FLSA's overtime provisions. Therefore, Defendant is required to pay Plaintiffs and the FLSA Collective at one-and-a-half times their regular rate of pay for all overtime hours worked over 40 per week.

12

58.     Defendant routinely suffered and permitted Plaintiffs and the FLSA Collective to work more than forty hours in a workweek.

59.     Defendant paid Plaintiffs and the FLSA Collective "straight time" for their overtime hours.

60.     Plaintiffs and the FLSA Collective's weekly pay fluctuated depending on, and in direct correlation to, the number of hours worked during each week.

61.     Defendant has violated the FLSA by failing to pay Plaintiffs and the FLSA Collective at a rate of one and one-half times their regular rates of pay for all hours worked over forty per week.

62.     Plaintiffs and the FLSA Collective were misclassified as independent contractors, and as a result misclassified exempt by Defendant, and are entitled to overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of forty per week.

63.     Defendant's conduct alleged in the Complaint constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

64.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective have suffered a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages, attorneys' fees and costs incurred in connection with this action.

## COUNT II – OVERTIME VIOLATIONS UNDER STATE LAW
### The Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 et seq.
### On Behalf of Plaintiffs and the Ohio Rule 23 Class

65.     Plaintiffs incorporate by reference the facts and allegations in the preceding paragraphs.

66.     The Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03, requires employers to pay overtime compensation to all non-exempt employees, at a rate of one

13

and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

67.     Defendant routinely suffered and permitted Plaintiffs and the Ohio Rule 23 Class to work more than forty (40) hours per week without overtime compensation.

68.     Defendant's actions, policies, and practices as described above violate the Ohio Minimum Fair Wage Standards Act by failing to compensate Plaintiffs and the Ohio Rule 23 Class at the required overtime rate.

69.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the Ohio Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

70.     Plaintiffs and the Ohio Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by Ohio Rev. Code Ann. § 4111.10, § 2305.11, and other applicable state laws.

71.     Plaintiffs and the Ohio Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by Ohio Rev. Code Ann. § 4111.03, and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

## PRAYER FOR RELIEF

72.     **WHEREFORE**, Plaintiffs, collectively and on behalf of all similarly situated individuals, pray for judgment against Defendant as follows:

    A. Designate this action as a collective action on behalf of all similarly situated individuals and promptly issue court-supervised notice to those individuals to apprise them of this pending action and permit them to timely assert FLSA claims in this action by filing individual consent forms, pursuant to 29 U.S.C. § 216(b);

    B. Find that Defendant misclassified Plaintiffs and the FLSA Collective as

14

exempt employees;

C. Judgment that Defendant's practices violate the FLSA;

D. Judgment against Defendant in the amount of Plaintiffs and the FLSA Collective's unpaid back wages at the applicable rates;

E. Find that Defendant's FLSA violations were willful;

F. Award Plaintiffs and the FLSA Collective all damages, liquidated damages, costs and attorneys' fees incurred in prosecuting this action;

G. Award prejudgment interest to Plaintiffs and the FLSA Collective (to the extent liquidated damages are not awarded);

H. Leave to add additional plaintiffs by motion, by filing additional consent forms, or any other method approved by the Court;

I. Leave to amend the Complaint to add additional federal and state law claims; and

J. For all such further relief as the Court deems equitable and just.

73. **WHEREFORE**, Plaintiffs, on behalf of themselves and as representatives of the Ohio Rule 23 Class, pray for relief as follows:

A. Certify this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the Ohio Rule 23 Class;

B. Appoint Plaintiffs as Class Representatives and appoint their counsel as Class Counsel;

C. Find that Defendant misclassified Plaintiffs and the Ohio Rule 23 Class as exempt employees;

D. Judgment that Defendant's practices violate the Ohio Minimum Fair Wage Standards Act;

E. Award Plaintiffs and the Ohio Rule 23 Class all damages, liquidated damages, civil penalties, and prejudgment interest available;

F. Award Plaintiffs and the Ohio Rule 23 Class all costs and attorneys' fees incurred prosecuting this claim;

G. Leave to amend to the Complaint to add additional state law claims; and

15

H.  Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

74.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, the

FLSA Collective, and the Ohio Rule 23 Class demand a trial by jury.


Dated:  November 4, 2014                    **MEIZLISH & GRAYSON, INC.**


                                            /s/ Bruce Meizlish
                                            Bruce Meizlish, OH Bar No. 003361
                                            Deborah R. Grayson, OH Bar No. 0062777
                                            Second National Building
                                            830 Main Street, Suite 999
                                            Cincinnati, OH 45202
                                            Telephone: (513) 345-4700
                                            Fax: (513) 345-4703
                                            brucelaw@fuse.net
                                            dgrayson@fuse.net

                                            **NICHOLS KASTER, PLLP**
                                            Rachhana T, Srey, MN Bar No. 340133*
                                            Adam W. Hansen, MN Bar No. 0391704*
                                            4600 IDS Center, 80 South 8th Street
                                            Minneapolis, MN  55402
                                            Telephone: (612) 256-3200
                                            Fax: (612) 215-6870
                                            srey@nka.com
                                            ahansen@nka.com

                                            *Pro hac vice applications forthcoming

                                            ATTORNEYS FOR PLAINTIFFS AND THE
                                            PUTATIVE COLLECTIVE AND RULE
                                            23 CLASSES

16